Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 7049 | **DATE** | 5/7/2004 |
| **CASE TITLE** | Sanders vs. Union Pacific Railroad et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendants' Motion to Dismiss

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Before the court is Defendants' Motion to Dismiss. Defendants' Motion to Dismiss is granted, terminating this case. It is so ordered.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | MAY 10 2004 | |
| | Notices mailed by judge's staff. | | date docketed | |
| | Notified counsel by telephone. | | | 15 |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



MAMIE SANDERS )
)
    Plaintiff, )
)
) No. 03 C 7049
v. )
) HONORABLE CHARLES R. NORGLE
)
UNION PACIFIC RAILROAD )
COMPANY and DANIEL LAFAVE, )
)
    Defendants. )

## OPINION AND ORDER

**Charles R. Norgle, District Judge.**

Before the Court is Defendants' Motion to Dismiss Plaintiff's Complaint. Defendants assert that Plaintiff's Complaint should be dismissed based on res judicata and her failure to satisfy a previous court order in case 98 C 3275, which ordered Plaintiff to pay attorney fees and costs. For the following reasons Defendants' motion is granted.

Pro Se Plaintiff, Mamie Sanders, initially worked for Chicago and North Western Transportation Company, which was later purchased by Union Pacific Railroad Company, the Defendant ("Railroad"). While employed with the Railroad, Plaintiff filed a claim for disability benefits. Plaintiff asserted that she had carpal tunnel syndrome and various other stress related ailments. Plaintiff was awarded and is still receiving disability benefits.

Sanders is not your ordinary pro se litigant. Sanders has filed no less than fifteen (15) causes of actions in various courts in the past seventeen years. Sanders has filed six actions in state court, 87 L 06527, 89 L 13557, 97 L 9830, 98 L 012849, 02 L 000938, 04

L 000778; six cases in bankruptcy court, 90 B 22520, 96 B 02727, 97 B 16994, 97 B 01774, 98 B 35499, 99 B 14205; and three actions in federal court, 95 C 7092, 98 C 3275, 03 C 7049; not to mention the various appeals she has filed after losing those cases. Sanders has proven herself to be a proficient, vexatious litigator. Almost every action she has filed has been against the Railroad or the attorneys who previously represented her in suing the Railroad. In this action, Sanders is attempting to again sue Union Pacific Railroad Company and additionally its attorney, Daniel LaFave. "'[A]t some point, our solicitous treatment of pro se litigants must be trumped by our concern with the rights of Defendants to be free of scandalous, repetitive, and baseless claims that undoubtedly drain their financial and emotional resources.'" Sato v. Plunkett, 154 FRD 189, 192 (N.D.Ill. 1994) (quoting Sato v. Kwasny, 1993 U.S.Dist. LEXIS 15693 at *10 (Nov. 5, 1993)).

In this instance, Sanders is merely attempting to re-litigate claims that have been previously ruled upon in cases 97 L 9830 and 98 C 3275. Sanders' continuous, litigious assault on Defendants, with utter disregard to previous rulings made by the court, must come to an end. Sanders continues to assert the same untenable claims against Defendant. Sanders contends that she is not merely asserting the same claims, but that she has new found evidence that should allow her claims to proceed. Additionally, Sanders now claims that Union Pacific's attorney Daniel LaFave also violated her rights.

The couching of an old claim as something new or newly discovered, will not serve to obfuscate the basic legal principle of res judicata. "Res judicata applies where: (1) a final judgment on the merits was rendered by a court of competent jurisdiction; (2) there is an identity of causes of action; and (3) there is an identity of the parties or their privies." Licari v. City of Chicago, 298 F.3d 664, 666 (7th Cir. 2002); Central States, Southeast and

2

Southwest Areas Pen.Fund v. Hunt Truck Lines, Inc., 296 F.3d 624, 628 (7th Cir. 2002). Res judicata is limited to cases where the plaintiff had a full and fair opportunity to litigate her claim in the previous proceeding. See Licari, 298 F.3d at 666-67. "[R]es judicata [also] applies when the precluded claims 'could and should have been brought in the earlier litigation.'" In re Kroner, 953 F.2d 319-320 (7th Cir. 1992) (citing Howell Hydrocarbons v. Adams, 897 F.2d 183, 188 (5th Cir. 1990); Barnett v. Stern, 909 F.2d 973, 978 n.7 (7th Cir. 1990)(quoting D-1 Enters., Inc. v. Commercial State Bank, 864 F.2d 36, 38 (5th Cir. 1989))).

Previously, a final and appealable judgment was rendered upon Sanders' claims in the state court. On June 20, 2002, after five years of litigation, Sanders' 97 L 9830 complaint was dismissed with prejudice. Sanders was provided a full and fair opportunity to litigate her claims in that proceeding. A brief review of Plaintiff's Complaint shows that she is merely making a veiled attempt to re-plead, and reargue facts that were previously decided in the state court, 97 L 9830. The first eight (8) paragraphs of Sanders complaint are almost verbatim from the previous litigation and are therefore dismissed based on Res Judicata. Compare Defs' Reply to Plt.'s Resp. with Defs.'Motion to Dismiss Ex. E and G.

Additionally, a final and appealable judgment was rendered in the Federal court. On September 28, 2001, the Honorable District Court Judge Leinenweber granted Defendant Union Pacific Railroad's Motion for Summary Judgment in case 98 C 3275, finding Sanders claims to be without merit or factual basis. See Sanders v. Union Pacific Railroad, No 98 C 3275, 2001 WL 1230549 (N.D.Ill. 2001). A comparison between the 98 C 3275 complaint and the instant complaint, paragraphs 9 through 21, depicts another attempt to bring a cause of action against Union Pacific for intentional infliction of emotional

3

distress. In case 98 C 3275, Sanders sued the Railroad alleging intentional infliction of emotional distress, along with a slue of other allegations. Presently, Sanders asserts that the Railroad and Mr. LaFave, the Railroad's attorney, have been harassing her relentlessly which has caused physical and emotional harm. Sanders' claims are again an attempt to re-litigate claims that were previously determined by another court. Sanders alleges that "Union Pacific, through its agent, Daniel LaFave" has caused her undue hardship, emotional distress, and harassment by its investigation into her disability either through correspondence or visual observation. See Plt.'s Compl. ¶ 9 -21. Sanders made similar statements in her previous action, 98 C 3275. The District Court previously determined that Sanders' had no basis for bringing claims for intentional infliction of emotional distress. See Sanders, No 98 C 3275, 2001 WL 1230549 (N.D.Ill. 2001). Furthermore, to the extent that Sanders did not assert any such claim for intentional infliction for emotional distress in her previous complaint, she had the opportunity to do so. Therefore, Sanders' claims intentional infliction of emotional distress are also excluded on the basis of Res Judicata. "Sanders may be unhappy that Union Pacific monitors its employees for abuse of its medical leave policies, but 'not everything that makes an employee unhappy is an actionable adverse action.'" Sanders, No 98 C 3275, 2001 WL 1230549, *3 (N.D.Ill. 2001) (quoting Smart v. Ball State Univ., 89 F.3d 437, 441 (7th Cir. 1996)).

In summary, Sanders' claims are merely a recantation of her previous assertions and are therefore barred. The mere naming of an additional party, Daniel LaFave, the Railroad's attorney does not revive or alter Sanders' claims. Therefore, Sanders' complaint is dismissed with prejudice based on the doctrine of res judicata.

Additionally, the court finds that Sanders' failure to pay the awarded fees and costs of previous litigation, i.e. 98 C 3275, is inexcusable. Sanders contends that she is not required to abide by the District Court's order to pay fees and costs for two reasons. First, Sanders contends that the court improvidently entered the order based on false statements made by the defendant relating to a settlement award. The District Court's order does not make any reference to a settlement, or condition the payment of fees and costs on settlement of an unrelated case. Furthermore, Sanders never challenged the District Court's order awarding fees and costs before the presiding judge. Sanders will not be heard to argue over two and half years later, before a different judge, that the award was unjustified.

Second, Sanders asserts that she should not have to pay the court ordered fees and costs because she was allowed to proceed in that action, *in forma pauperis.* "[A]uthorization to proceed in forma pauperis under § 1915 does no more than excuse prepayment costs. It does not authorize any person to continue in a course of vexatious litigation without regard to the losses imposed on others (including the judicial system). By postponing the reckoning of costs to the end of the case, § 1915 gives an impoverished litigant one free bite at the apple, not more." Sato v. Plunkett, 154 F.R.D at 193 (internal quotation omitted). Therefore, the court finds Sanders' second basis for noncompliance with the District Court's order to pay attorney fees and costs is without merit.

Sanders continuous, onslaught against Union Pacific Railroad and its agents must come to an end. Although the court refrains from issuing sanctions at this time, Sanders should note that her status as a pro se litigant does not give her "an unfettered licence to wage an endless campaign of harassment ... or to abuse the judicial process." Chapman

5

Ill v. Charles Schwab & Co., No. 01 C 9697, 2002 WL 818300, * 13 (N.D.Ill 2002) (quoting Pfeifer v. Valukas, 117 F.R.D. 420, 423 (N.D.Ill. 1987)). If Sanders continues to bring meritless claims, or claims barred by the doctrine of res judicata against Union Pacific and its agents, the court will strongly consider imposing heavy sanctions to discourage this vexatious course of litigation.

## CONCLUSION

For the abovementioned reasons, Plaintiff, Mamie Sanders' Complaint is dismissed with prejudice. It is so ordered.

ENTER:

CHARLES RONALD NORGLE, District Judge

DATED: 5-7-04